UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHEILA THOMPSON,

        Plaintiff,

  v.                                      Case No. 19-cv-1247-pp

ANDREW M. SAUL,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's complaint indicates that she is employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff states that she just started a job working 8 hours a week at $13 per hour, id. at 2, this results in a monthly income of about $416 before taxes. The plaintiff lists expenses of zero,

stating that she has "currently no income", and that they will remain that way "until income." Id. at 2-3. The plaintiff does not own a car or a home, she has $25 cash on hand or in a checking/savings account, and she owns no other property of value. Id. at 3-4. The plaintiff states, "When I have income, I am expected to pay monthly $200 rent, $50 mobile phone, $50 food, arrangements to pay IRS, student loan, credit debt. I must also purchase meds totaling $46 a month not covered by insurance. A vehicle with my name attached is owned by my ex-husband. I do not have a license." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that she is disabled, that she was denied benefits by the Commissioner, and that the Commissioner's conclusions and findings of fact when denying those benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 2. At this early

2

stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 28th day of August, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**